Maria Zenaida RESUS, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–72338.

Agency No. A70–961–539.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2005.\*

Decided Sept. 15, 2005.

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David E. Dauenheimer, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GRABER and W. FLETCHER, Circuit Judges, and FOGEL,\*\* District Judge.

MEMORANDUM \*\*\*

Maria Zenaida Resus petitions for review of the BIA's decision denying asylum, withholding of removal, and protection under the Convention Against Torture. Both the immigration judge (IJ) and the BIA held that Resus failed to meet her burden of proof because she lacked credibility.

The BIA's decision that an alien has not established eligibility for asylum is re-

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

viewed under the substantial evidence standard, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), as is an adverse credibility determination, *He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir.2003). "Where the BIA provides a specific, cogent reason for questioning a petitioner's credibility, the petitioner must show that the evidence compelled a contrary conclusion in order to overcome the special deference accorded to the BIA's credibility determinations." *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003) (emphasis omitted).

We hold that the BIA's adverse credibility determination is supported by substantial evidence. On the record before us, we cannot conclude that the evidence compelled the BIA to find Resus credible.

Petition for review DENIED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.